IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATERN, INC., | |
| Plaintiff, | |
| v. | Civil No. _____ |
| ABBOTT LABORATORIES, COMCAST CORPORATION, GENERAL DYNAMICS CORPORATION, GENERAL MILLS, INC., HARLEY-DAVIDSON, INC., HEWLETT-PACKARD COMPANY, LOCKHEED MARTIN CORPORATION, MORGAN STANLEY, PEPSICO, INC., PFIZER INC. and URS CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

In this action for patent infringement, Plaintiff DataTern, Inc. complains of Abbott Laboratories, Comcast Corporation, General Dynamics Corporation, General Mills, Inc., Harley-Davidson, Inc., Hewlett-Packard Company, Lockheed Martin Corporation, Morgan Stanley, Pepsico, Inc., Pfizer Inc. and URS Corporation (collectively, "Defendants") and would show as follows:

## NATURE OF LAWSUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES

2.      Plaintiff DataTern, Inc. ("DataTern") is a Texas corporation pursuant to Chapter 10 of the Texas Business Organizations Code and is doing business in this district.

3.      On information and belief, Defendant Abbott Laboratories ("Abbott") is an Illinois corporation with its principal place of business at 100 Abbott Park Rd., Abbott Park, Illinois 60064.

4.      On information and belief, Abbott is registered to do business in Texas, is doing business in Texas, and has a listed registered agent at CT Corp. System, 350 N. St. Paul St. Ste. 2900, Dallas, Texas 75201.

5.      On information and belief, Defendant Comcast Corporation ("Comcast") is a Pennsylvania corporation with its principal place of business at One Comcast Center. Philadelphia, Pennsylvania 19103.

6.      On information and belief, Comcast conducts business in the State of Texas; provides citizen of Texas with internet, phone, and cable TV services; and operates the website www.comcast.com, which is directed at least in part at citizens of Texas.

7.      On information and belief, Defendant General Dynamics Corporation ("General Dynamics") is a Delaware corporation with its principal place of business at 2941 Fairview Park Drive, Suite 100, Falls Church, Virginia 22042.

8.      On information and belief, General Dynamics is registered to do business in Texas, is doing business in Texas, and has a listed registered agent at CT Corp. System, 350 N. St. Paul St. Ste. 2900, Dallas, Texas 75201.

9.      On information and belief, Defendant General Mills, Inc. ("General Mills") is a Delaware corporation with its principal place of business at Number One General Mills Blvd., Minneapolis, Minnesota 55426.

10.     On information and belief, General Mills operates the website www.generalmills.com, which is targeted at least in part at citizens of Texas, distributes its products in Texas, and is doing business in Texas.

11.     On information and belief, Harley-Davidson, Inc. ("Harley-Davidson") is a Wisconsin corporation with its principal place of business at 3700 West Juneau Avenue, Milwaukee, Wisconsin 53208.

12.     On information and belief, Harley-Davidson is doing business in Texas and operates the website www.harley-davidson.com, which is directed at least in part at citizens of Texas.

13.     On information and belief, Defendant Hewlett-Packard Company ("Hewlett-Packard") is a Delaware corporation with its principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

14.     On information and belief, Hewlett-Packard is registered to do business in Texas, is doing business in Texas, and has a listed registered agent at CT Corp. System, 350 N. St. Paul St. Ste. 2900, Dallas, Texas 75201.

15.     On information and belief, Defendant Lockheed Martin Corporation ("Lockheed Martin") is a Maryland corporation with its principal place of business at 6801 Rockledge Drive, Bethesda, Maryland 20817.

16.     On information and belief, Lockheed Martin is registered to do business in Texas, is doing business in Texas, and has a listed registered agent at Corporation Service Company, d/b/a CSC Lawyers Incorporated, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

17.     On information and belief, Defendant Morgan Stanley ("Morgan Stanley") is a Delaware corporation with its principal place of business at 1585 Broadway, New York, New York 10036.

18.     On information and belief, Morgan Stanley operates an office in the State of Texas, operates the website www.morganstanley.com, which is targeted at least in part at citizens of the State of Texas, and is doing business in the State of Texas.

19.     On information and belief, Defendant PepsiCo, Inc. ("PepsiCo") is a North Carolina corporation with its principal place of business at 700 Anderson Hill Road, Purchase, New York 10577.

20.     On information and belief, PepsiCo is registered to do business in Texas, is doing business in Texas, and has a listed registered agent at CT Corp. System, 350 N. St. Paul St. Ste. 2900, Dallas, Texas 75201.

21.     On information and belief, Defendant Pfizer Inc. ("Pfizer") is a Delaware corporation with its principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

22.     On information and belief, Pfizer is registered to do business in Texas, is doing business in Texas, and has a listed registered agent at CT Corp. System, 350 N. St. Paul St. Ste. 2900, Dallas, Texas 75201.

23.     On information and belief, Defendant URS Corporation ("URS") is a Delaware corporation with its principal place of business at 600 Montgomery St., 26th Floor, San Francisco, California 94111.

24.     On information and belief, URS is registered to do business in Texas, is doing business in Texas, and has a listed registered agent at CT Corp. System, 350 N. St. Paul St. Ste. 2900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

25.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

26.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district.

27.     On information and belief, Defendant Abbott is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

28.     On information and belief, Defendant Comcast is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

29.     On information and belief, Defendant General Dynamics is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

30.     On information and belief, Defendant General Mills is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

31.     On information and belief, Defendant Harley-Davidson is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

32.     On information and belief, Defendant Hewlett-Packard is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

33.     On information and belief, Defendant Lockheed Martin is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

34.     On information and belief, Defendant Morgan Stanley is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

35.     On information and belief, Defendant PepsiCo is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

36.     On information and belief, Defendant Pfizer is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

37.     On information and belief, Defendant URS is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,937,402

38.     Plaintiff is the owner by assignment of United States Patent No. 5,937,402 entitled "System for Enabling Access to a Relational Database from an Object Oriented Program" (the "'402 Patent"). The '402 Patent issued on August 10, 1999. A true and correct copy of the '402 Patent is attached as Exhibit A.

39.     On information and belief, Defendant Abbott has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems, including without limitation the HealthTrak system, that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Abbott is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

40.     On information and belief, Defendant Comcast has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems, including without limitation Comcast's Customer Service Application, that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Comcast is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

41.     On information and belief, Defendant General Dynamics has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems, including without limitation General Dynamics' intranet application tracking corporate integrity agreement workflow, that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant General Dynamics is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

42.     On information and belief, Defendant General Mills has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems, including without limitation its application for migrating data in numerous tables when an anonymous user logged in as an existing user, that access a relational database through the use of methods covered by one or

more claims of the '402 Patent to the injury of DataTern.  Defendant General Mills is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

43.     On information and belief, Defendant Harley-Davidson has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems, including without limitation Harley-Davidson's Dealer Management System (aka TALONES), that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant Harley-Davidson is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

44.     On information and belief, Defendant Hewlett-Packard has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems, including without limitation Hewlett-Packard's Carbon framework, that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Hewlett-Packard is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

45.     On information and belief, Defendant Lockheed Martin has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems, including without limitation those developed by Lockheed's .NET developers, that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant Lockheed Martin is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

46.     On information and belief, Defendant Morgan Stanley has been and now is directly infringing the '402 Patent in the United States, by, among other things, making,

operating, and maintaining object oriented software applications and systems, including without limitation those developed by the MSSB Development Environments team, that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant Morgan Stanley is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

47.     On information and belief, Defendant PepsiCo has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems, including without limitation PepsiCo's Pocket PC Application, that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern.  Defendant PepsiCo is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

48.     On information and belief, Defendant Pfizer has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems, including without limitation Pfizer's Long Range Forecast tool, that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant Pfizer is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

49.     On information and belief, Defendant URS has been and now is directly infringing the '402 Patent in the United States, by, among other things, making, operating, and maintaining object oriented software applications and systems, including without limitation the URS Logistical Management System (LMS and LMS2), that access a relational database through the use of methods covered by one or more claims of the '402 Patent to the injury of DataTern. Defendant URS is thus liable for infringement of the '402 patent pursuant to 35 U.S.C. § 271.

50.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '402 Patent complied with any such requirements.

51.     As a result of these Defendants' infringement of the '402 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

52.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '402 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DataTern, Inc. respectfully requests that this Court enter judgment against each Defendant and each Defendant's subsidiaries, affiliates, and all persons in active concert or participation with them as follows:

A.      A judgment in favor of Plaintiff that Defendants have infringed the '402 Patent;

B.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '402 Patent;

C.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '402 Patent as provided under 35 U.S.C. § 284;

D.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

E.      Any and all other relief to which Plaintiff is entitled to under law and any other further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 4, 2011

Respectfully submitted,

/s/ David P. Henry
David P. Henry (david@stevenslove.com)
Texas State Bar No. 24027015
Jason A. Holt (jason@stevenslove.com)
Texas State Bar No. 24041122
Matthew M. Hill (matt@stevenslove.com)
Texas State Bar No. 24041101
STEVENS, LOVE, HILL & HOLT, PLLC
111 West Tyler Street
Longview, TX 75601
Telephone:  (903) 753-6760
Fax: (903) 753-6761

Of Counsel:

Timothy J. Haller (haller@nshn.com)
Illinois State Bar No. 3125265
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Fax: (312) 236-3137
***Attorneys for Plaintiff, DataTern, Inc.***
