IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATERN, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ABBOTT LABORATORIES, *et al*, <br><br> Defendants. | Civil Action No. 2:11-cv-00203 <br><br> JURY TRIAL DEMANDED |

**DEFENDANT PFIZER INC.'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Pfizer Inc. ("Pfizer") hereby provides its Answer and Defenses to the Complaint filed herein by Plaintiff DataTern, Inc. ("DataTern" or "Plaintiff").

**NATURE OF LAWSUIT**

1. Responding to Paragraph 1 of the Complaint, Pfizer states that Plaintiff has filed what purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*. Except as so stated, Pfizer denies the allegations of Paragraph 1.

**THE PARTIES**

2. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

3. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies them.

4. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore denies them.

5. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and therefore denies them.

6. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies them.

7. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies them.

8. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies them.

9. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies them.

10. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies them.

11. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore denies them.

12. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12, and therefore denies them.

13. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore denies them.

14. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and therefore denies them.

15. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15, and therefore denies them.

16. Pfizer is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 16, and therefore denies them.

17. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and therefore denies them.

18. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore denies them.

19. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore denies them.

20. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies them.

21. Responding to Paragraph 21 of the Complaint, Pfizer admits that it is a Delaware corporation but denies that its principal place of business is 3000 Hanover Street, Palo Alto, California 94304. Pfizer states that its principal place of business is located at 235 East 42nd Street, New York, New York 10017.

22. Responding to Paragraph 22, of the Complaint, Pfizer admits that it is registered to do business in Texas and has transacted business in Texas. Pfizer admits that it has a listed registered agent at CT Corp. System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201.

23. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies them.

24. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies them.

## JURISDICTION AND VENUE

25. Responding to Paragraph 25 of the Complaint, Pfizer states that Plaintiff has filed what purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*. Except as so stated, Pfizer denies the

allegations of Paragraph 25.

26. Responding to Paragraph 26 of the Complaint, Pfizer denies that venue is proper in this judicial district. Pfizer states, for purposes of this action only, that it has transacted some business in this judicial district. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 as to other Defendants, and therefore denies them. Pfizer further denies that this venue is convenient for the parties and witnesses and denies that it is an appropriate venue for resolution of this dispute, and reserves the right to seek a transfer of this case to a more appropriate venue.

27. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore denies them.

28. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore denies them.

29. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and therefore denies them.

30. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and therefore denies them.

31. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31, and therefore denies them.

32. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and therefore denies them.

33. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33, and therefore denies them.

34. Pfizer is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 34, and therefore denies them.

35. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and therefore denies them.

36. Pfizer states that it has conducted business in the State of Texas. Except as so stated, Pfizer denies the allegations of Paragraph 36.

37. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37, and therefore denies them.

## COUNT I OF DATATERN'S COMPLAINT

### (INFRINGEMENT OF U.S. PATENT NO. 5,937,402)

38. Responding to Paragraph 38 of the Complaint, Pfizer states that attached to Plaintiff's Complaint as Exhibit A is a purported copy of U.S. Patent No. 5,937,402 ("the '402 Patent"), entitled "System for Enabling Access to a Relational Database from an Object Oriented Program." Pfizer states that August 10, 1999 is listed as the issue date of patent on the face of the purported copy of the '402 Patent attached as Exhibit A. Except as so stated, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and therefore denies them.

39. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39, and therefore denies them.

40. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40, and therefore denies them.

41. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and therefore denies them.

42. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and therefore denies them.

43. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and therefore denies them.

44. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and therefore denies them.

45. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and therefore denies them.

46. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and therefore denies them.

47. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and therefore denies them.

48. Pfizer denies all of the allegations of Paragraph 48.

49. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and therefore denies them.

50. Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and therefore denies them.

51. Pfizer denies all of the allegations of Paragraph 51 as to Pfizer. Otherwise, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and therefore denies them.

52. Pfizer denies all of the allegations of Paragraph 52 as to Pfizer. Otherwise, Pfizer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and therefore denies them.

**DATATERN'S PRAYER FOR RELIEF - PFIZER'S RESPONSE**

Responding to DataTern's Prayer for Relief, Pfizer denies that Plaintiff is entitled to any of the relief requested in Paragraphs A-E of Plaintiff's Prayer for Relief as those requests relate

to Pfizer. Pfizer denies that it is infringing any claim of the '402 patent, either literally or under the doctrine of equivalents, either directly or indirectly. Pfizer further denies that any claim of the '402 patent is valid or enforceable. Pfizer lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraphs A-E of Plaintiff's Prayer for Relief as to the other Defendants, and therefore denies them.

## JURY DEMAND

Pfizer notes that Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure. Pfizer also requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## GENERAL DENIAL

Except as expressly admitted herein, Pfizer denies each and every allegation contained in Plaintiff's Complaint.

## PFIZER'S AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, Pfizer asserts the following defenses to Plaintiff's Complaint and reserves its right to assert additional defenses as more information becomes available.

### First Affirmative Defense
### (Noninfringement)

Pfizer does not directly or indirectly, by inducement, or by contribution, infringe any valid claim of the '402 Patent, as properly construed and/or limited by the doctrine of prosecution history estoppel and/or any other applicable doctrines, either literally or under the doctrine of equivalents.

## Second Affirmative Defense

### (Invalidity)

On information and belief, the claims of the '402 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et. seq.*, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## Third Affirmative Defense

### (Inconvenient Venue)

The Court should dismiss Plaintiff's claims because venue in this Court is not convenient for the parties and witnesses.

## Fourth Affirmative Defense

### (Laches, Estoppel, Waiver and/or Acquiescence)

DataTern's claims against Pfizer are barred by the doctrines of laches, estoppel, waiver, and/or acquiescence, including equitable estoppel, claim construction estoppel, and/or prosecution history estoppel.

## Fifth Affirmative Defense

### (Statute of Limitations)

Plaintiff's recovery is barred by 35 U.S.C. § 286 to the extent Plaintiff seeks recovery for any alleged infringement committed more than six years prior to the filing of the Complaint.

## Sixth Affirmative Defense

### (Failure to State a Claim)

Plaintiff's claim for alleged infringement of the '402 Patent fails to state a claim upon which relief can be granted.

### Seventh Affirmative Defense

### (Prosecution History Estoppel)

On information and belief, prosecution history estoppel applies to the claims of the '402 Patent estopping Plaintiff from asserting a scope for the claims of the '402 Patent that would cover the allegedly infringing products, systems, and/or services.

### Eighth Affirmative Defense

### (Failure to Give Notice)

The relief sought in the Complaint is barred in whole or in part by the failure to give adequate notice of the patent or a notice of charge of infringement to Pfizer in advance of the filing of the Complaint.

### Ninth Affirmative Defense

### (Limitation on Damages – 35 U.S.C. § 287(a))

To the extent DataTern, and predecessors in interest to the '402 Patent, failed to properly mark any of the products produced or sold thereby covered by the '402 Patent as required by 35 U.S.C. § 287 or otherwise failed to give notice required thereunder that Pfizer's actions allegedly infringed the '402 Patent, Pfizer is not liable to DataTern for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '402 Patent.

### Tenth Affirmative Defense

### (Limitation on Recovery of Costs – 35 U.S.C. § 288)

On information and belief, Plaintiff is precluded from recovering its costs under 35 U.S.C. § 288.

## Eleventh Affirmative Defense

## (No Entitlement To Injunctive Relief)

DataTern is not entitled to any injunctive relief because any alleged injury to DataTern is not immediate or irreparable and DataTern has an adequate remedy at law for any alleged injury.

## Twelfth Affirmative Defense

## (Improper Joinder)

The Defendants are improperly joined.

## Reservation Of Rights

Pfizer reserves the right to amend its Answer and reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## PFIZER'S PRAYER FOR RELIEF

WHEREFORE, Pfizer prays for judgment in its favor and against DataTern as follows:

A. Dismissing with prejudice DataTern's claims against Pfizer;

B. Declaring that Pfizer has not been and is not now infringing, contributorily infringing, or inducing infringement of any claims of the '402 Patent;

C. Declaring that the '402 Patent is invalid and unenforceable;

D. Denying DataTern's request for damages, costs, attorneys' fees and injunctive relief;

E. Decreeing this case an "exceptional case" within the meaning of 35 U.S.C. § 285 based on the conduct of DataTern and awarding Pfizer the costs of this action and reasonable attorneys' fees to the extent permitted by law; and

F.  Granting Pfizer other and further equitable or legal relief as the Court deems just and proper.

Dated:  July 14, 2011

Respectfully submitted,

*/s/  Charles S. Cotropia*_____
Charles S. Cotropia
ccotropia@sidley.com
Texas Bar No. 04858600
Thomas N. Tarnay
ttarnay@sidley.com
Texas Bar No. 24003032
SIDLEY AUSTIN LLP
717 N. Harwood
Suite 3400
Dallas, Texas  75201
Phone:  214.981.3300
Fax:  214.981.3400

Thomas H. Beck
tbeck@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Phone:  212.839.5300
Fax:  212.839.5599

ATTORNEYS FOR PFIZER INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of July 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Charles S. Cotropia*_____