**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DATATERN, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **No. 2:11-cv-203-MHS-CMC** |
| | § | |
| ABBOTT LABORATORIES, et al., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |

## JOINT STATUS REPORT

Pursuant to General Order Regarding Pending Case Transfers, D.E. 141, the parties submit this Joint Status Report in lieu of the items called for in Exhibit E.

1.      The current parties to this case are DataTern, Inc. ("DataTern") as plaintiff and Defendants Hewlett-Packard Company ("HP") and PepsiCo, Inc. ("Pepsico"). This case is currently stayed as a result of an unopposed motion to stay filed by HP and PepsiCo. (D.E. 123).

2.      Related Cases

**a.      DataTern's Texas Litigations**

This case is the last-filed of three cases pending in this Court wherein DataTern accuses each defendant of infringement based on the defendant's ordinary use of Microsoft and SAP products. The earlier-filed cases are captioned *DataTern, Inc. v. Staples*, et. al., Case No. 2:10-cv-00133-JRG-RSP (the "*Staples*" case); *DataTern, Inc. v. Eli Lilly and Company*, et. al., Case No. 2:10-cv-00413-JRG-RSP (the "*Eli Lilly*" case). DataTern has asserted U.S. Patent Nos. 5,937,402 (the "'402 patent") and 6,101,502 (the "'502 patent") in the *Staples* and *Eli Lilly* cases. Only the '402 patent is asserted against the remaining defendants – HP and PepsiCo – in this case.

Because the manufacturers of the products accused in the Texas cases were defending DataTern's allegations against those products in the Southern District of New York (*see infra* Section 1b), the Court ultimately stayed the *Staples* and *Eli Lilly* cases "pending resolution of the declaratory judgment actions in New York." *See* Civ. No. *Staples* at D.E. 185; *Eli Lilly* at D.E. 180.

Meanwhile, DataTern consented to a stay of this case pending resolution of the New York cases. D.E. 123. The parties also agreed that if DataTern were successful in challenging the stay of the *Staples* and *Eli Lilly* action, the stay in this case would be likewise be lifted. *Id.* at 1.

DataTern did indeed challenge Magistrate Judge Craven's stay of the *Staples* and *Eli Lilly* cases by objecting to and moving for reconsideration of the stay, but its challenge was unsuccessful.  DataTern's motion argued that Magistrate Judge Craven had "no power" to reconsider the *Staples* and *Eli Lilly* orders, and "abused her discretion in staying the cases." *Eli Lilly*, D.E. 193 at 2-3. The Court denied DataTern's motion and continued the stay until the earlier of August 12, 2012 or the court's claim construction ruling in a related case filed in the Southern District of New York. *Eli Lilly*, D.E. 203 at 8. Because DataTern failed to overturn the stay of the *Staples* and *Eli Lilly* cases, this case remained stayed.

After the stay of the *Staples* and *Eli Lilly* cases expired under the Court's order, the defendants in those actions moved to extend the stay through the resolution of the New York actions. Civ. No. *Staples* at D.E. 197; *Eli Lilly* at D.E. 204. The Court denied those motions, and those cases have resumed.  *Staples* at D.E. 213; *Eli Lilly* at D.E. 221.

On November 20, 2012, the Court requested the parties in this case submit letters setting forth their respective positions on whether the stay in this case should continue. D.E. 134.  HP

and PepsiCo submitted their joint letter presenting their positions on the issue on December 10, 2012.  D.E. 137. Plaintiff DataTern did not submit a letter with the Court in accordance with the November 20, 2012 Order.

### b.    DataTern's New York Litigation

SAP and Microsoft, respectively, filed Complaints for Declaratory Judgment in the U.S. District Court of the Southern District of New York against DataTern seeking declaratory relief in the form of a judgment of invalidity and/or non-infringement with respect to the '402 and '502 patents in connection with the products as accused in the Texas cases. The cases are captioned *Microsoft Corporation v. DataTern, Inc.*, Case No. 11 Civ. 2365 (KBF) and *SAP AG and SAP America, Inc. v. DataTern, Inc.*, Case No. 11 Civ. 2648 (KBF) (Consolidated under Case No. 1:11-cv-02365; collectively, the "*New York*" case).

On August 24, 2012, the New York Court issued its claim construction order regarding some of the disputed (and undisputed) claim terms of the '402 and '502 patents. DataTern then conceded it could not prove infringement by SAP's or Microsoft's products under the court's constructions and indicated its intent to appeal those constructions to the Federal Circuit.  *See, e.g., Eli Lilly*, D.E. 217 at 3. The New York court issued an Order and Judgment on December 26, 2012 entering summary judgment in favor of SAP and Microsoft for their declaratory judgment claim of non-infringement of the '402 and '502 patents. In addition, the court in the New York case ordered that DataTern be enjoined from proceeding against SAP customers claiming infringement of the `402 and `502 patents. However, the New York court made no such ruling regarding Microsoft customers.

On January 24, 2013, DataTern filed its Notice of Appeal with the U.S. Court of Appeals for the Federal Circuit appealing from the Opinion and Order entered in the New York case on

December 26, 2012, as well as the *Markman* decision entered on August 24, 2012 in the New York case concerning the construction of certain terms in the claims of the '402 and '502 patents.  A copy of the Notice of Appeal is attached hereto as **EXHIBIT A**.

3.      Plaintiff anticipates filing a motion to lift the stay in this case.  Defendants will oppose such a motion.  The parties respectfully request that they be relieved from filing the material set forth in Exhibit E of the transfer order until such time as a stay is no longer in place.

Respectfully submitted,

/s/ *Steven E. Aldous*
Steven E. Aldous
State Bar No. 00982100
BRADEN, VARNER & ALDOUS, P.C.
703 McKinney Avenue, Suite 400
Dallas, Texas 75202
(214) 740-0212
(214) 740-0217 (fax)
saldous@bvalaw.com

**ATTORNEYS FOR PLAINTIFF**

/s/ *Benjamin K. Thompson*
Ahmed J Davis
Fish & Richardson PC - Washington DC
1425 K St, NW
Suite 1100
Washington, DC 20005
202/626-6379
202/783-2331 (fax)
davis@fr.com

Benjamin K Thompson
Fish & Richardson PC - Atlanta
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
404-724-2844
404-892-5002 (fax)

bkt@fr.com

**ATTORNEYS FOR DEFENDANT
HEWLETT-PACKARD COMPANY**


*/s/ Cindy Yang*
Cindy Yang (*admitted PHV*)
SCHIFF HARDIN LLP
666 Fifth Avenue, Suite 1700
New York, New York 10103
Tel: (212) 745-0826
Fax: (212) 753-5044
cyang@schiffhardin.com

-and-

Melissa Richards Smith
State Bar No. 24001351
Gilliam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
melissa@gilliamsmithlaw.com

**ATTORNEYS FOR DEFENDANT
PEPSICO, INC.**


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing document was filed electronically on February 4, 2013 pursuant to Local Rule CV-5(a) and has been served on all counsel who are deemed to have consented to electronic service.  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


*/s/ Steven E. Aldous*
Certifying Counsel